## CINTRÓN v. CRUZ.

### APPEAL from the District Court of Ponce.

No. 77.—Decided June 8, 1904.

PUBLIC INSTRUMENTS—EVIDENCE—CONTRACTING PARTIES—THIRD PERSONS.—
Public instruments are evidence as between the contracting parties, and their successors in interest, with respect to the statements which may have been made therein by the former, and they also constitute proof as against third parties, with regard to the fact which is the cause of their execution, and the date thereof.

ACTION FOR THE RECOVERY OF REAL ESTATE—OWNERSHIP AND IDENTITY OF THE PROPERTY SOUGHT TO BE RECOVERED—ADJUDICATION THEREOF TO DEFENDANT.—Where the plaintiff has proved the ownership and the identity of the property sought to be recovered, the action to recover the realty is proved, and the fact that the property has been awarded to the defendant in compliance with obligations in which the plaintiff had not participated either directly or indirectly, he not having been a party to such proceedings, will in no wise affect his rights.

POSSESSION—RIGHT OF POSSESSOR.—No person may be dispossessed of a thing without having been duly heard and defeated in a proper action, and such possessor must be respected therein, and restored to such possession when he has been either interrupted or disturbed therein, or when he has been actually dispossessed.

### STATEMENT OF THE CASE.

This is an action prosecuted in the District Court of Ponce by Gregorio Cintrón Flores, of legal age, a widower,

and a resident of Juana Díaz, as plaintiff, against Hilario Cruz Colón, a resident of the same place, a laborer, as defendant declared in default in the said court, the former having been represented in this court by Attorney Felipe Casalduc, and Manuel F. Rossy, Esq., having appeared on behalf of the latter. It is an ordinary suit involving the ownership of a rural estate and the annulment of an adjudication thereof, pending before us on appeal in cassation, now appeal, taken by the defendant from the judgment rendered by the said district court, a literal copy of which reads as follows, to wit:

"Judgment.—In the city of Ponce, August 13, 1902. An oral and public hearing was had in this declaratory action prosecuted by the plaintiff Gregorio Cintrón y Flores, of legal age, a widower and a resident of Juana Diaz, represented by Attorney Felipe Casalduc y Goicoechea, against Hilario Cruz Colón, of the same place, and a laborer, as defendant in default. Presiding Judge Isidoro Soto Nussa prepared the opinion of the court.

"On October 28, 1901, Attorney Felipe Casalduc, on behalf of Gregorio Cintrón Flores, filed a complaint in this declaratory action against Hilario Cruz Colón, praying that the court declare him to be the sole and legitimate owner of two hundred and eighty-nine *cuerdas* of land situated in *barrio* Gayabal of the municipality of Juana Diaz, which together with other lands of Monserrate Santiago were attached by the defendant; and also praying that the court declare null and void the adjudication made to Cruz of the said two hundred and eighty-nine *cuerdas,* and that plaintiff be placed in possession thereof. Plaintiff also prayed that the court declare null and void the judicial deed of sale executed in favor of the said defendant by the municipal court of Juana Diaz, in so far as the same disposes of the said acreage belonging to Cintrón, and that the costs be taxed against the defendant. Plaintiff bases his complaint on the following facts: That upon the death of Toribia Santiago de Cintrón, a division of her property having been effected, Juan Norberto Cintrón y Rosado was awarded, among other properties, an undivided interest of 487 *pesos* and 16⅔ *centavos,* Mexican money, in a property consisting of 725.25 *cuerdas,* which was appraised at 2,263 *pesos;* that by another act executed before Notary Rafael León, on January 24, 1893, the heirs of the deceased Doña

Toribia effected a division of the property and the heir Juan Norberto Cintrón took for himself one hundred and seventy-one *cuerdas,* bounded on the north by lands belonging to Severo Segarra, on the east by lands belonging to Gregorio Cintrón, on the west by those of Tomasa Cintrón, and on the south by the lands of Vicente Santiago, which was valued at 487 *pesos* and 16⅔ *centavos,* Mexican money; Gregorio Cintrón took 168.25 *cuerdas* of land bounded on the north by lands belonging to Severo Segarra, on the east by those of Cármen Cintrón, on the west by lands belonging to Juan Norberto Cintrón, and on the south by those of Vicente Santiago, the said land being valued at 678 *pesos* and 66⅔ *centavos,* also Mexican money. By deed executed before a notary public of Juana Diaz under date of July 24, 1825, Juan Norberto Cintrón sold to his father, Gregorio Cintrón his share of the land inherited from his mother, Doña Toribia, reserving only fifty *cuerdas,* for the children which he had by his marriage to Monserrate Santiago, the sale therefore being for one hundred and twenty-one *cuerdas.* According to the deed executed before the same notary public on October 14, 1895, Monserrate Santiago, then the widow of Juan Norberto Cintrón, ratified the sale of land made by her husband to Gregorio Cintrón, and expressed her satisfaction with regard to the fifty *cuerdas* belonging to her minor children, and delivery was made of the same. The said documents have been recorded in the registry of property. In a civil action brought in the municipal court of Juana Diaz under date of February 5, 1900, Monserrate Santiago acknowledged that her deceased husband, Juan Norberto Cintrón, had left upon his death a debt owing to Hilario Ortiz Colón, amounting to five hundred *pesos,* provincial money, and upon the application of Cruz seeking to recover the amount of said debt, an attachment was levied upon the propety designated by him as that of the debtor, acquired by inheritance from his mother Da. Toribia, and which in the said writ was described as follows: 'A property consisting of one hundred and seventy-five *cuerdas,* situated in *barrio* Guayabal within the municipal jurisdiction of Juana Diaz, and the place called Las Cuevas, bounded on the north by a wall called Palo Seco, on the south by lands belonging to Vicente Santiago and Juan Peña, on the east by lands belonging to José R. González, on the west by those of Gregorio Cintrón, there being situated thereon five frame houses constructed of native lumber, one measuring 8x5 *varas,* another 7x5 *varas,* another one 6x4 *varas,* and another one 7x5 *varas,* Juan Peña Torres being appointed the trustee of the

said houses and the products of the property.' Judgment having been rendered against the defendant in the said action and the property having been put up at public auction in the compulsory proceedings, the same was awarded to Hilario Cruz, the plaintiff, for two-thirds of its value, the court executing a deed to him therefor, which deed was recorded in the registry of property. Hilario Cruz was placed in possession of the whole estate, notwithstanding the opposition made by Gregorio Cintrón in regard to the number of *cuerdas* in the said estate belonging to him. The land which they say consists of one hundred and seventy-five *cuerdas*, awarded to and in the possession of Cruz, and upon which the four houses are situated, is in reality bounded on the north in *barrio* Caonilla Abajo, by lands of the estate of Severo Segarra, on the east by those of Ramón González, formerly belonging to Cármen Cintrón y Rosado, on the south by lands of Vicente Santiago, Juan Peña and José del Cármen Mercado, and on the west by lands of Tomasa Cintrón, and includes besides the fifty *cuerdas* belonging to Monserrate Santiago, a property consisting of two hundred and eighty-nine *cuerdas* which was in the possession of Gregorio Cintrón, the ownership thereof having been obtained in part, by the adjudication of the one hundred and sixty-eight *cuerdas* in the division of the property of his wife, and in part by the purchase of one hundred and twenty-one *cuerdas* from the heir, Juan Norberto Cintrón; that the said Cruz has gathered all of the fruits of the estate and destroyed the houses situated thereon, preventing Gregorio Cintrón from exercising upon the same any act of ownership, and benefiting himself at the cost of the said Cintrón, in the sum of two thousand five hundred dollars.

"The complaint having been filed and notice of the same having been served upon the defendant, and the legal period within which he should have answered the same expiring without his having done so, for which reason, and upon the request of the plaintiff, he was declared in default and the complaint was considered as having been answered.

"The case having been received for the presentation of evidence, upon the day set for the proposal of the same, counsel for the plaintiff only appeared and proposed his evidence, consisting of documentary evidence and the testimony of witnesses.

"The said evidence having been declared pertinent, a day was set for the oral hearing, at which counsel for the plaintiff only appeared, his evidence being heard, and counsel making such argument as he deemed proper in support of the rights of his client.

"It appears from the documentary evidence that Gregorio Cintrón is the owner, in *barrio* Guayabal, municipality of Juana Diaz, of a parcel of land consisting of 168.25 *cuerdas,* which he acquired by inheritance from his wife Toribia Rosado y Santiago, and one hundred and seventy-one *cuerdas* by assignment from his son Juan Norberto Cintrón, of which the assignor reserved fifty *cuerdas* for his legitimate children had by his marriage to Monserrate Santiago.

"From the unanimous testimony of the seven witnesses who testified on the trial it appears that by virtue of the judicial proceedings prosecuted by the defendant Cruz against Monserrate Santiago, the former attached as the property of the latter one hundred and seventy-five *cuerdas* of land belonging to Gregorio Cintrón, situated in *barrio* Guayabal in the place known as Cuevas in the municipality of Juana Diaz, bounded by lands of José R. González, Severo Segarra, Vicente Santiago, Cármen Mercado and Juan Peña Rodríguez; and that possession of the said lands was given to Hilario Cruz by the municipal court. The witness José López testified that he was called upon by Monserrate Santiago and Gregorio Cintrón to measure fifty *cuerdas* of land which the latter was to deliver and did deliver to the former.

"This day having been set for voting upon the judgment the same was unanimously rendered.

"In the conduct of these proceedings all of the requirements of the law have been complied with.

"The documents presented by the plaintiff are to be considered as real public documents drawn up in accordance with all the legal requirements, and moreover they are recorded in the registry of property, for which reason they are evidence as between the contracting parties, and their successors in interest, with respect to the statements which may have been made therein by the former. They also constitute proof against third parties with regard to the fact which is the cause of their execution, and the date thereon, as provided for by article 1218 of the former Civil Code, and the concordant articles of the Mortgage Law.

"In accordance with these legal principles the plaintiff has fully proved his ownership of the 289.25 *cuerdas* of land situated in the *barrio* Guayabal, within the municipal jurisdiction of Juana Diaz, and situated within the boundaries of which are found the one hundred and seventy-five *cuerdas* belonging to the plaintiff and attached as the land of Monserrate Santiago, and which have been

certified as forming an integral part of the whole tract of land belonging to the plaintiff.

"This being so, it is evident that the plaintiff has proved his action for the recovery of property maintained in this case as the basis of his right, and therefore the attachment levied upon the one hundred and seventy-five *cuerdas* of land cannot remain in force in view of the well known principle that no person can be held responsible for the fulfillment of obligations contracted by a third party when he has not intervened in the execution of the contract either directly or indirectly. Neither can his interests be prejudiced by decisions rendered in actions or suits to which he was not a party.

"In accordance with the foregoing no one can be dispossessed of a thing without first having been heard or defeated in an action prosecuted in accordance with the provisions of the laws of procedure, and therefore any person in the quiet and peaceable possession of a thing must be respected therein and restored to such quiet and peaceable possession when the same has been in any manner disturbed, or interrupted, especially when, as in this case, a title is presented which is prima facie evidence of the ownership.

"Acts done in violation of the provisions of law are null and void, except in case the law itself declares them to be valid.

"For the reasons set forth the complaint should be sustained with costs against the defendant. In view of articles 348, 349, 446, 462, 466, 609, 1214, 1216, 1218 and 1949 of the Civil Code, and General Order No. 118, in connection with the jurisprudence of the Supreme Court of Spain, we adjudge that sustaining the complaint filed by Gregorio Cintrón Flores against Hilario Cruz Colón, we should declare that the said Gregorio Cintrón Flores is the only legitimate owner of the real estate sought to be recovered, consisting of two hundred and eighty-nine *cuerdas,* situated in *barrio* Guayabal of the municipality of Juana Diaz, and consequently that the award made to the said defendant, Hilario Cruz, of the land attached, is null and void and without effect, and that the said land shall remain at the free disposal of the plaintiff, as also any judicial deed of sale which may have been executed by the municipal court of Juana Diaz, conveying the attached property to the defendant, who in view of the foregoing we should adjudge and do adjudge shall reinstate Gregorio Cintrón y Flores in the quiet and peaceable possession of the land which was the object of the attachment and award, and of which he was improperly dispossessed; and we tax the costs occasioned in this proceeding against the said defendant.

"Thus by this our decision finally adjudging do we pronounce, command and sign. Isidoro Soto Nussa, R. Sanchez Montalvo, Carlos Franco Soto.—Luis Gautier."

From the foregoing judgment the defendant took an appeal in cassation for violation of law, which was allowed, and the record having been sent up to this court, and the parties having entered appearance, the same was treated as an ordinary appeal, in accordance with the Law of the Legislative Assembly approved March 12, 1903, neither of the parties having attended the hearing, which took place on the 2nd of the present month.

*Mr. Manuel F. Rossy,* for appellant.

*Mr. Casalduc,* for respondent.

MR. JUSTICE FIGUERAS, after stating the foregoing facts, delivered the opinion of the court.

The findings of fact and the conclusions of law contained in the judgment appealed from are accepted. In view of the provisions of rule 63 of General Order No. 118, series of 1899, and the legal provisions therein cited, and the law of the Legislative Assembly of this Island approved March 12, 1903, we adjudge that we should affirm and do affirm the judgment rendered on August 13, 1902, by the District Court of Ponce, sustaining the complaint, as well as the other pronouncements therein contained, and we impose upon the appellant Hilario Cruz y Colón, the costs of this appeal. The original record properly certified is ordered to be returned to the district court in which it originated, for the proper purposes.

Chief Justice Quiñones and Justices Hernández and MacLeary concurred.

Mr. Justice Sulzbacher did not sit at the hearing in this case.